IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAYARC LLC,<br><br>                   Plaintiff,<br><br>    vs.<br><br>VALYOU FURNITURE LLC, SHAUL RAPPAPORT, EFRIAM BISK,<br><br>                Defendants. | CIV. NO. 22-00288 JMS-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS |

**FINDINGS AND RECOMMENDATION TO GRANT MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS**

Before the Court is Plaintiff PayArc LLC's ("Plaintiff") *Motion for Default Judgment Against All Defendants* ("Motion" or "Motion for Default Judgment"), filed on February 21, 2023.  ECF No. 26.  The *Motion* came on for a telephonic hearing on April 28, 2023 before the Honorable Rom Trader.  Attorney Regan Iwao appeared by phone on behalf of Plaintiff.  Defendants Valyou Furniture LLC ("Defendant Valyou"), Shaul Rappaport ("Defendant Rappaport") and Efriam Bisk ("Defendant Bisk") (collectively "Defendants") failed to make any opposition, objection, appearance or other communications in this case.

After careful consideration of the *Motion*, record in this case and applicable law, the Court **FINDS** and **RECOMMENDS** that the *Motion for Default*

*Judgment* be **GRANTED**.  The Court **RECOMMENDS** that Plaintiff be awarded

$1,251,261.98 in damages.

## BACKGROUND

Plaintiff commenced this case on June 29, 2022 alleging a breach of contract

claim against each of the Defendants for failure to honor their contractual

obligations to pay Plaintiff.   ECF No. 1 at PageID.2-3.  Plaintiff alleges that

Defendant Valyou agreed to pay Plaintiff for fees as stated in the "Credit

Agreement," and Defendants Rappaport and Bisk personally guaranteed to pay for

any outstanding sums owed by Defendant Valyou.  ECF Nos. 1-1 & 1-2, Exhibits

A & B.

On July 21, 2022, Plaintiff filed a proof of service indicating that a store

manager for Defendant Valyou, who is designated by law to accept service of

process on behalf of Defendant Valyou was served on July 12, 2022.  ECF No. 9.

On December 5, 2022, Plaintiff filed an *Affidavit of Publication* indicating that

service on Defendants Rappaport and Bisk were made by publication.  ECF No.

20.  Defendants failed to respond to the *Complaint* or make an appearance.  On

August 30, 2022, an entry of default as to Defendant Valyou was entered by the

Clerk of Court.  ECF No. 14.  On January 5, 2023, entry of default was entered

against Defendants Rappaport and Bisk.  ECF No. 23.

2

On February 21, 2023, Plaintiff filed the *Motion for Default Judgment* presently before the Court.  On March 29, 2023, the Court issued an entering order ("EO") directing Plaintiff to file supplemental briefing addressing deficiencies in the *Motion*.  ECF No. 28.   The *Motion* failed to address any of the *Eitel v. McCool* factors, failed to provide any evidence regarding the damages claimed, and failed to provide summary charts and descriptions of the work performed as required by LR54.2 when requesting for attorneys' fees.  *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).  Plaintiff's timekeeping for the work performed by its attorneys were so heavily redacted such that the Court was unable to determine the reasonableness of Plaintiff's request for attorneys' fees.  ECF No. 28.

On April 7, 2023, Plaintiff filed a *Supplemental Memorandum in Support of [Plaintiff's] Motion for Default Judgment Against All Defendants [ECF 26]* ("Supplemental").  ECF No. 29.  In the *Supplemental*, Plaintiff claims that due to an error, a declaration and exhibit was inadvertently omitted from *Motion* and that these documents establish the damages Plaintiff requests.  The *Supplemental* addressed the deficiencies noted in this Court's March 29, 2023 EO (ECF No. 28) and discussed this Court's jurisdiction and the *Eitel v. McCool* factors.  However, regarding the attorney's fees requested, the *Supplemental* requested that (1) the Court determine that Plaintiff is entitled to its attorneys' fees and costs; (2) the Court waive the pre-motion meet and confer and joint statement requirement under

LR54.2; and (3) a briefing schedule be set for Plaintiff to submit its request for

attorneys' fees.  ECF No. 29 at PageID.163.  On April 28, 2023, this Court stated it

would issue findings and recommendation to grant the Motion and would grant

Plaintiff leave to file a separate motion for attorneys' fees.  Accordingly, this

Court's findings and recommendation regarding Plaintiff's request for attorneys'

fees shall be addressed in a separate findings and recommendation.

Defendants failed to file any response or opposition to the *Motion* and

*Supplemental* and did not appear at the April 28, 2023 hearing on the *Motion* and

*Supplemental*.  *See* ECF No. 31.

## DISCUSSION

Before determining whether to find and recommend that default judgment be

entered, this Court must first address whether it has jurisdiction over this action.

### I.    This Court has Jurisdiction

This Court finds that it has subject matter jurisdiction over this action

pursuant of diversity of citizenship.  28 U.S.C. § 1332(a)(1).  The amount in

controversy in this case exceeds $75,000.00, and the Plaintiff and Defendants are

citizens of different states.  ECF No. 1 at PageID.3-4.

This Court finds that it has personal jurisdiction over the Defendants as

Defendants Valyou and Bisk are citizens of Hawaii, and Hawaii's long-arm statute

applies to Defendant Rappaport as Plaintiff alleges that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Hawaii. *Id.*

## II.    The Eitel Factors Weigh in Favor of Default Judgment

The Court now turns to whether default judgment should be entered in this case. Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that a court may enter default judgment following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted).

"Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *In re Villegas*, 132 B.R. 742, 746 (9th Cir. 1991) (citing *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)) (citations omitted). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citation omitted).

To determine whether default judgment should be entered in this case, the Court evaluates the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72 (citation omitted).  On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

### A.    Possibility of Prejudice

Under this factor, the Court considers whether Plaintiff would suffer prejudice if default judgment is not entered.  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002).  Because Plaintiff would have no alternative recourse for recovery if default judgment is not entered, the Court finds that this factor weighs in favor of default judgment.

### B.    Merits of the Claim

The Court considers whether Plaintiff stated a claim on which it may recover in order to determine whether this factor weighs in favor of default judgment.  *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).  When evaluating this factor, as stated previously, the factual allegations in the Complaint will be taken as true for the purposes of liability.  *TeleVideo Sys., Inc.*, 826 F.2d at 917-18 (citation omitted).

In the Complaint, Plaintiff alleges breach of contract claims against each of the Defendants.  "To prevail on a claim for breach of contract, [Plaintiff] must identify:"

(1) the contract at issue; (2) the parties to the contract; (3) whether [Defendant(s)] performed under the contract; (4) the particular provision of the contract allegedly violated by [Defendant(s)]; and (5) when and how [Defendant(s)] allegedly breached the contract.

*Keahole Point Fish LLC v. Skretting Canada Inc.*, 971 F. Supp. 2d 1017, 1040 (D. Haw. 2013) (citing *Evergreen Eng'rg, Inc. v. Green Energy Team LLC*, 884 F. Supp. 2d 1049, 1059 (D. Haw. 2012)).  The Complaint states that the contract at issue is the Credit Agreement through which the parties, Plaintiff and Defendant Valyou, agreed that Plaintiff would serve as an intermediary between banks and merchants.  ECF No. 1 at PageID.1-7.  In return, the Defendant Valyou agreed to reimburse Plaintiff for any chargebacks and bounce fees.  *Id.*  Defendants Rappaport and Bisk personally guaranteed to pay any outstanding amounts owed by Defendant Valyou.  *Id.*  The Defendants failed to pay under the contract.  *Id.* at 2-3.  Plaintiff has alleged the particular provisions of the Credit Agreement that were violated and has adequately alleged how the breach occurred.  *Id.* at 5-8.  The Court finds that this factor favors the finding of default judgment.

### C.   Sufficiency of the Complaint

Because this Court finds that the allegations in the Complaint are sufficiently pled under the merits-of-the-claim analysis, this factor weighs in favor of default judgment.

7

### D.   Sum of Money at Stake

This factor requires the Court to "consider the amount of money at stake in relation to the seriousness of Defendant[s'] conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176.  Plaintiff seeks damages in the amount of $1,251,261.98.  ECF No. 29 at PageID.157.  Plaintiff calculates this amount by taking the total chargeback and bounce fees ($1,408,261.98) and subtracting $7,000.00 (Defendant Valyou's payment) and $150,000.00 Plaintiff held as reserve from credit card transactions submitted by Defendant Valyou.  ECF No. 29-3 at PageID.184.

### E.   Likelihood of Dispute Concerning Material Facts

The Defendants received notice of the *Complaint* and failed to respond to or deny Plaintiff's allegations.  Due to Defendants' failure to respond despite having notice, it is unlikely that Defendants will appear to dispute the material facts alleged by the Plaintiff.  This factor thus weighs in favor of default judgment.

### F.   Excusable Neglect

The Defendants have not defended this matter to date and the record is devoid of any evidence that Defendants' defaults were the result of excusable neglect.  Accordingly, this factor favors the finding of default judgment.

### G.   Policy Favoring Decision on the Merits

It is well established that there is a policy favoring decision on the merits and that default judgments are generally disfavored.  *In re Roxford Foods, Inc.*, 12

F.3d 875, 879 (9th Cir. 1993).  This factor thus weighs against the finding that default judgment is appropriate but is insufficient to outweigh all other factors in favor of default judgment.

### H.    Totality of Eitel Factors

The Court **FINDS** that six (6) out of the (7) *Eitel v. McCool* factors weigh in favor of default judgment.  Based on the six factors weighing in favor of default judgment, this Court **RECOMMENDS** that Plaintiff's request for default judgment be **GRANTED**.

### III.    Damages

Plaintiff claims that its total damages are $1,251,261.98 and provides Supplemental Declaration of Keith McNeely ("Declaration") (ECF No. 29-3) and Exhibit B to the *Supplemental* (ECF No. 29-4) in support.   In the *Declaration*, Mr. McNeely states that the damages were calculated by taking the total chargeback and bounce fees ($1,408,261.98) and subtracting the total amount Plaintiff held in reserve and Defendant Valyou's payment ($150,000.00 plus $7,000.00).  ECF No. 29-3 at PageID.184.  Plaintiff provides Exhibit B to the *Supplemental*, which Plaintiff claims is a record of the $1,408,261.98 in chargeback and bounce fees. ECF No. 29-4.  However,  Exhibit B to the Supplemental shows that the total chargeback and bounce fees are $1,409,276.98.  *Id.* at 198.  Plaintiff fails to provide any explanation for this discrepancy.  The Court finds that Plaintiff has

shown that the total chargeback and bounce fees total to at least $1,408,261.98 and declines to increase that amount to match Plaintiff's records.  Plaintiff has already been provided with the opportunity to revise its request, and Plaintiff is responsible for requesting the appropriate amount of damages.

## CONCLUSION

The Court **FINDS** and **RECOMMENDS** that based on the foregoing, Plaintiff's *Motion for Default Judgment Against All Defendants* (ECF No. 26) should be **GRANTED** as to the entry of default judgment.  This Court's ruling regarding Plaintiff's request for attorneys' fees shall be addressed in a separate findings and recommendation.  This Court recommends that damages in the amount of $1,251,261.98 should be awarded.

The Court directs Plaintiff to (1) serve a copy of this Findings and Recommendations on the **Defendant Valyou Furniture LLC** and thereafter file a Certificate of Service indicating the date of service by no later than June 13, 2023; and (2) transmit a copy of this Findings and Recommendations to **Defendants Shaul Rapport and Efriam Bisk** at their last known address by U.S. Mail and if available, to their respective last known emails and thereafter file a Certificate of Transmittal indicating the date of transmittal by no later than June 13, 2023.

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 30, 2023.



Rom A. Trader
United States Magistrate Judge

Civ. No. 22-00288 JMS-RT;  *PayArc LLC vs. Valyou Furniture LLC, et al.*;
Findings and Recommendation to Grant Motion for Default Judgment Against All
Defendants

11