IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Aug 31, 2023
Lucy H. Carrillo, Clerk of Court

| | |
|---|---|
| PAYARC LLC, | CIV. NO. 22-00288 JMS-RT |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF PAYARC LLC'S MOTION FOR AWARD OF ATTORNEYS' FEES AND NONTAXABLE EXPENSES |
| VALYOU FURNITURE LLC, SHAUL RAPPAPORT, EFRIAM BISK, | |
| Defendants. | |

## FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF PAYARC LLC'S MOTION FOR AWARD OF ATTORNEYS' FEES AND NONTAXABLE EXPENSES

Before the Court is Plaintiff PayArc LLC's ("Plaintiff") *Motion for Award of Attorneys' Fees and Nontaxable Expenses* ("Motion" or "Motion for Attorneys' Fees"), filed on May 15, 2023. ECF No. 32. Plaintiff requests for its attorneys' fees pursuant to Haw. Rev. Stat. § 607-14 in the amount of $33,423.91 and costs in the amount of $5,209.40 ($5,041.88 + $167.52). The Court elects to decide the *Motion* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*.

After careful consideration of the *Motion*, records in this case and applicable law, the Court **FINDS** that Plaintiff is entitled to its attorneys' fees and costs and

**RECOMMENDS** that a total of $14,239.94 in attorneys' fees and $1.14 in non-taxable costs should be awarded to Plaintiff.

<u>**BACKGROUND**</u>

Plaintiff commenced this action on June 29, 2022 alleging in its *Complaint* (1) a breach of contract claim against Defendant Valyou Furniture LLC ("Defendant Valyou") ("Count I") and (2) a breach of contract claim against Defendants Shaul Rappaport ("Defendant Rappaport") and Efriam Bisk ("Defendant Bisk") ("Count II"). ECF No. 1. On July 12, 2022, Plaintiff served the *Complaint* and summons on Defendant Valyou. ECF No. 9. However, Defendant Valyou did not make an appearance in this case and failed to timely respond to the *Complaint*. ECF No. 13 at PageID.51. On August 30, 2022, the Clerk's Office entered default against Defendant Valyou. ECF No. 14.

Plaintiffs encountered difficulties serving the *Complaint* and summons on Defendants Rappaport and Bisk and as a result, sought and received from the Court extensions of time to serve them. ECF Nos. 15, 16, 21 & 22. On October 28, 2022, Plaintiff filed an *Ex Parte Motion for Authorization of Alternative Service as to Defendants [Rappaport and Bisk]* ("Motion to Serve by Publication"). ECF No. 18. On November 1, 2022, the Court granted Plaintiff's *Motion to Serve by Publication*. ECF No. 19. On December 5, 2022, Plaintiff filed an *Affidavit of Publication* indicating that notice of this lawsuit, directed at Defendants Rappaport

and Bisk, would be published on November 8, 2022, November 15, 2022, November 22, 2022 and November 29, 2022 in the *Honolulu Star-Advertiser*, a newspaper of general circulation in the State of Hawaii.  ECF No. 20.  On January 5, 2023, a return hearing on publication of the summons was held.  ECF No. 23. The Court held that Defendants Rappaport and Bisk were properly served by publication and entered default against them.  *Id*.

On February 21, 2023, Plaintiff filed a *Motion for Default Judgment Against All Defendants* ("Motion for Default Judgment").  ECF No. 26.   On March 29, 2023, the Court issued an *Entering Order* directing Plaintiff to file a supplemental memorandum addressing the deficiencies in the *Motion for Default Judgment*. ECF No. 28.  In particular, the *Motion for Default Judgment* failed to address the factors the Court must consider in a default judgment request and was devoid of any evidence regarding the damages claimed and attorneys' fees requested.  *Id.* Pursuant to Local Rule 54.2(h), the Court was well within its discretion to deny with prejudice Plaintiff's request for attorneys' fees.  On April 7, 2023, Plaintiff filed its *Supplemental Memorandum in Support of Plaintiff's [Motion for Default Judgment]* ("Supplemental").  ECF No. 29.  The district court granted Plaintiff's request for default judgment on July 12, 2023 against Defendants Valyou, Rappaport and Bisk (collectively "Defendants"), and default judgment was entered that same day.  ECF Nos. 35 & 36.

Plaintiff filed the *Motion for Attorneys' Fees* currently before the Court on May 15, 2023.  ECF No. 32.

## DISCUSSION

This court has subject matter jurisdiction over this case pursuant to diversity jurisdiction under 28 U.S.C. § 1332.  A federal court sitting in diversity applies state law to determine whether Plaintiff is the prevailing party entitled to attorneys' fees and costs.  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (citations omitted).  In this case, Hawaii law is applicable.  Under Hawaii law, "attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  *Stanford Carr Dev. Corp. v. Unity House, Inc.*, 111 Hawaiʻi 286, 305, 141 P.3d 459, 478 (2006) (citing *Weinberg v. Mauch*, 78 Hawaiʻi 40, 53, 890 P.2d 277, 290 (1995)).  Plaintiff seeks an award pursuant to Haw. Rev. Stat. § 607-14, which states in relevant part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee.  The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

To award reasonable attorneys' fees under Haw. Rev. Stat. § 607-14, the Court must determine whether (1) the moving party is the prevailing party; (2) a promissory note or contract provides for attorneys' fees in writing or whether the action is in the nature of an assumpsit; (3) the hourly rate and fees requested are reasonable; and (4) the fees exceed twenty-five (25) percent of the judgment.  The Court shall address each in turn.

### A. <u>**Prevailing Party**</u>

Plaintiff must be the prevailing party to be entitled to reasonable attorneys' fees under Haw. Rev. Stat. § 607-14.  "[I]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court . . . " *MFD Partners v. Murphy*, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (citation omitted).  The judgment need not result from a ruling on the merits. *Ranger Ins. Co. v. Hinshaw*, 103 Hawaiʻi 26, 31, 79 P.3d 119, 124 (2003) (quoting *Wong v. Takeuchi*, 88 Hawaiʻi 46, 49, 961 P.2d 611, 614 (1998)).  Default judgment was entered against all defendants in favor of Plaintiff and thus, Plaintiff is the prevailing party in this case.

### B. <u>**Contractual and Statutory Provision for Attorneys' Fees**</u>

Hawaii law requires that to be entitled to attorneys' fees under Haw. Rev. Stat. § 607-14, the action must be in the nature of assumpsit, on a promissory note or on a written contract providing for attorneys' fees.  The Court finds that the

Plaintiff is entitled to attorneys' fees because of a written contract and this action is in the nature of an assumpsit.

Defendants entered into a contractual agreement with the Plaintiff. Under the terms and conditions ("Terms and Conditions") of that agreement,

> ***Merchant will indemnify*** and hold Bank and ***ISO*** harmless from any claim relating to any Sales Draft paid for by Settlor as may be made by anyone by way of defense, dispute, offset, counterclaim or affirmative action, ***or for any damages of or losses that*** Bank or ***ISO may incur as a result of Merchant's breach of this Agreement***. Further, ***Merchant will reimburse*** *Bank and* ***ISO for all expense and costs, including attorneys' fees***, with regard thereto.

ECF No. 1-2 at PageID.25 (emphasis added). "Merchant" refers to the parties who are identified on the signed *Merchant Processing Application* (ECF No. 1-1), which is attached to the *Complaint* as Exhibit A. ECF No. 1-2 at PageID.17. The *Merchant Processing Application* was signed by all three Defendants in this case. ECF No. 1-1. "ISO" refers to the Plaintiff, and "Bank" refers to Evolve Bank and Trust, an Arkansas state chartered bank, a nonparty to this case. ECF No. 1-2 at PageID.17. "ISO and Bank may be collectively referred to as the 'Settlor.'" *Id*. Thus, according to the language of the *Terms and Conditions*, Plaintiff is entitled to its attorneys' fees.

This action is also in the nature of an assumpsit. "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi

contractual obligations." *808 Dev., LLC v. Murakami*, 111 Hawaiʻi 349, 366, 141 P.3d 996, 1013 (2006) (citing *Blair v. Ing*, 96 Hawaiʻi 327, 332, 31 P.3d 184, 189 (2001)).  In this case, the *Complaint* alleges breach of contract claims against all the Defendants.  The breach of contract claims are in the nature of assumpsit. *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, Civ. No. 09-00181 LEK-KSC, 2015 WL 881577, at *8 (D. Haw. Feb. 27, 2015) (citing *808 Development, LLC v. Murakami*, 111 Hawaiʻi 349, 366, 141 P.3d 996, 1013; *Helfand v. Gerson*, 105 F.3d 530, 537 (9th Cir. 1997)).  Accordingly, Plaintiff is entitled to its fees and costs under Haw. Rev. Stat. § 607-14.

## C. Reasonableness of the Attorneys' Fees Requested

Hawaii courts calculate the reasonableness of attorneys' fees using a method identical to the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Sheehan v. Centex Homes*, 853 F. Supp. 2d 1031, 1041 (D. Haw. 2011) (citing *DFS Group L.P. v. Paiea Props.*, 110 Hawaiʻi 217, 222, 131 P.3d 500, 505 (2006); *Schefke v. Reliable Collection Agency, Ltd.*, 96 Hawaiʻi 408, 446, 32 P.3d 52, 90 (2001).

The lodestar amount may also be adjusted based on an evaluation of the following factors, which have not been subsumed in the lodestar calculation:

(1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause;

(2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients;

(3) the customary charges of the Bar for similar services;

(4) the amount involved in the controversy and the benefits resulting to the client from the services;

(5) the contingency or the certainty of the compensation; and

(6) the character of the employment, whether casual or for an established and constant client.

*Sheehan*, 853 F. Supp. 2d at 1041 (citing *Chun v. Bd. Of Trs. Of Emps.' Ret. Sys. Of Haw.* ("*Chun II*"), 106 Hawaiʻi 416, 435, 106 P.3d 398, 358 (2005) (citations omitted).  There is a strong presumption that the lodestar amount calculated is reasonable.  *See Schefke*, 96 Hawaiʻi at 443, 32 P.3d at 87, n .72; (*citing City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

Plaintiff appears to have hired two, separate firms to litigate this case: (1) Whiteford, Taylor & Preston, LLP ("WTP" from Pittsburgh, Pennsylvania and (2) Schlack Ito ("SI"), a Limited Liability Law Company from Honolulu, Hawaii. Below is a summary of the attorneys' fees Plaintiff requests for WTP:

| Timekeeper | Firm | Year | Rate | Hours | Total |
|---|---|---|---|---|---|
| Anthony Gestrich, Esq. | WTP | 2022 | $340.00 | 38.3 | $13,022.00 |
| | | 2023 | $376.00 | 10.1 | $3,797.60 |
| Vivi Besteman, Esq. | WTP | 2022 | $256.00 | 17.0 | $4,352.00 |
| | | 2023 | $280.00 | 1.5 | $420.00 |
| Kelly McCauley, Esq. | WTP | 2023 | $408.00 | 7.8 | $3,182.40 |
| Michael Roeschenthaler, Esq. | WTP | 2022 | $560.00 | 0.5 | $280.00 |
| | | 2023 | $600.00 | 0.2 | $120.00 |
| Paralegal Susan Harding | WTP | 2022 | $264.00 | 1.3 | $343.20 |
| | | | | TOTAL: | $25,517.20 |

Plaintiff requests the following attorneys' fees for work performed by SI:

| Timekeeper | Firm | Year | Rate | Hours | Total |
|---|---|---|---|---|---|
| Regan M. Iwao, Esq. | SI | 2022 - 2023 | $390.00 | 17.9 | $6,981.00 |
| Paralegal Leutu Wells | SI | 2022 - 2023 | $150.00 | 3.8 | $570.00 |
| Subtotal of Fees | | | | | $7,551.00 |
| GET | | | | | $355.80 |
| | | | | TOTAL: | $7,906.80[1] |

Notably, none of the attorneys from WTP are licensed to practice in Hawaii. Out of the four attorneys performing work in this case from Pittsburgh, Pennsylvania, none of them applied for pro hac vice status.

## 1. **Practice in this Court Requires Authorization**

The Local Rules set forth the requirements for attorneys to practice in this United States district court. If an attorney is not a member of the bar of this court, then they must be authorized by Local Rule 83.1 to practice in this court:

> Only a member of the bar of this court who is also an active member in good standing of a state bar or its equivalent, or an attorney otherwise authorized

---

[1] The Motion indicates that the GET should be $355.71, but this Court calculates that the GET should be $355.80. The difference is minor, but the Court shall follow its own calculations.

by LR83.1 to practice before this court, may enter an appearance for a party, sign stipulations or receive payment or enter satisfaction of judgment, decree, or order.

LR83.2.  Local Rule 83.1 sets forth the requirements to be admitted pro hac vice. Forms HID 007 and HID 007A must be completed, under penalty of perjury, in which the applying attorney must state information such as whether the attorney is in good standing and eligible to practice in the courts he/she has been admitted to practice;" whether the attorney "[i]s currently involved in disciplinary proceedings before any state bar, federal bar, or its equivalent;" and "[w]hether the attorney has concurrently or within the year preceding the current application made any pro hac vice application in this court . . . and whether or not the application was granted[.]" The applying attorney must also "designate . . . a current member in good standing of the bar of this court who maintains an office within the district to serve as associate counsel."  LR83.1(c)(2).  The Court uses the information provided in these forms to determine whether the attorney should be granted leave to practice in this Court.

To date, the attorneys from WTP have not sought pro hac vice status, are not licensed in this district and at the bare minimum, have not provided any of the information required by Local Rule 83.1 for this Court to make a determination of whether any of the attorneys from WTP could be granted pro hac vice status. "[T]he Court has discretion whether to grant or deny an attorney pro hac vice

admission . . . Admission pro hac vice is a privilege, not a right." *Grant v.*

*Kamehameha Sch./Bernice Pauahi Bishop Est.*, Civ. No. 08-00555 DAE-LEK,

2009 WL 855831, at *1 (D. Haw. Mar. 30, 2009) (citations omitted).  The Ninth

Circuit has determined that

> attorneys who have not applied to appear pro hac vice may recover fees in
> two circumstances: (1) if the attorney at issue "would have certainly been
> permitted to appear pro hac vice as a matter of course had he or she
> applied"; or (2) if the work of the attorney "did not rise to the level of
> 'appearing' before the district court."

*Hanrahan v. Statewide Collection, Inc.*, No. 21-16187, 2022 WL 3998565, at *1

(9th Cir. Sept. 1, 2022) (quoting W*interrowd v. Am. Gen. Annuity Ins. Co.*, 556

F.3d 815, 822–23 (9th Cir. 2009)).  The Ninth Circuit authorizes a prevailing party

to recover attorneys' fees for an attorney who is not admitted to practice in the

forum district and who did not seek or obtain admission pro hac vice, as long as the

attorney did not appear in the action.  *Winterrowd*, 556 F.3d at 823 (citing *Waite v.*

*Clark Cty. Collection Serv., LLC*, 606 Fed. Appx. 864, 866 (9th Cir. 2015)).  If an

out-of-state attorney "appears in court, signs pleadings, or is the exclusive contact

in a case with the client or opposing counsel," however, he must apply for pro hac

vice admission.  *Winterrowd*, 556 F.3d at 825.

In this case, although there is no evidence that the WTP attorneys should not

be permitted to practice in this district, the Court cannot say with certainty that the

WTP attorneys would have been permitted to appear pro hac vice due to the lack of

information.  Further, since the inception of this case, attorney Anthony T. Gestrich ("Mr. Gestrich") has been indicating on various documents filed in this case that he is one of the attorneys filing the document and that "pro hac vice forthcoming[.]"  *See* LR10.2 ("in the upper left corner of the first page of each document presented for filing," the document should list counsel's name and information); ECF No. 1 at PageID.1; ECF No. 4 at PageId.32; ECF No. 9 at PageID.41; ECF No. 11 at PageID.43; ECF No. 13 at PageID.50; ECF No. 15 at PageID.58; ECF No. 18 at PageID.72; ECF No. 21 at PageID.90; ECF No. 26 at PageID.97; & ECF No. 29 at PageID.155.  Even the *Motion for Attorneys' Fees* states "pro hac vice forthcoming" above the caption.  Mr. Gestrich also appeared at the telephonic Rule 16 Scheduling Conference on August 29, 2022.  ECF No. 12.

This is Plaintiff's third opportunity to request for its attorneys' fees.  On February 21, 2023, Plaintiff filed its *Motion for Default Judgment* and included a request for attorneys' fees, but failed to follow LR54.2.  ECF Nos. 26 & 28.  Due to the lack of information in the request for attorneys' fees, the Court could not determine whether the fees requested were reasonable and thus, permitted Plaintiff to address the deficiencies in a supplemental filing.  ECF No. 28.  On April 7, 2023, Plaintiff filed its *Supplemental*, its second opportunity to request for its attorneys' fees.  Instead of including its attorneys' fees request in the *Supplemental*, Plaintiff sought additional time to file its request for attorneys' fees.

ECF No. 29 at PageID.165-166.  The Court granted Plaintiff leave to file a separate motion for attorneys' fees – Plaintiff's third opportunity to request for its attorneys' fees.  ECF No. 31.  In doing so, the Court cautioned Plaintiff's attorneys that "all filings must comply with Local Rule 54.2 [and] shall contain all necessary information and supporting documents to allow the Court to efficiently evaluate and rule on the motion."  *Id.*

Plaintiff has not previously requested pro hac vice status for any of its Pennsylvania attorneys.  Beyond this, Plaintiff has not provided any information in the *Motion* for this Court to determine that even though pro hac vice status was not requested, the WTP attorneys would have "certainly" been permitted to appear pro hac vice as a matter of course.  *Hanrahan*, 2022 WL 3998565, at *1.  Nevertheless, there is no evidence on the record that the WTP attorneys would not meet the legal qualifications to be admitted pro hac vice.  *See Honolulu Acad. of Arts v. Green*, Civ. No. 15-00355 DKW-KSC, 2017 WL 1086224, at *9 (D. Haw. Feb. 28, 2017), *report and recommendation adopted sub nom. Honolulu Acad. of Arts v. Greene*, Civ. No. 15-00355 DKW-KSC, 2017 WL 1091309 (D. Haw. Mar. 21, 2017).  It is clear that here, the work performed by attorneys Vivi Besteman ("Ms. Besteman"), Kelly McCauley ("Ms. McCauley") and Michael Roeschenthaler ("Mr. Roeschenthaler"), and paralegal Susan Harding ("Ms. Harding") should be permitted.  However, Mr. Gestrich appeared at the Rule 16 Scheduling Conference

in this case.  The Court declines to permit Plaintiff a fourth bite at the apple.  The

Court declines to permit Plaintiff further supplemental filings to explain Mr.

Gestrich's involvement in this case.  The Court finds therefore finds that attorneys'

fees requested for Mr. Gestrich should be **DENIED**.

The Court shall now first address whether the hourly rates requested for the

remaining attorneys are reasonable and will then determine the reasonable hours

expended.

### 2.  <u>Reasonable Hourly Rates</u>

Plaintiff requests the following hourly rates for its attorneys.  The last

column shows the approximate years of experience of each attorney or paralegal.

| Timekeeper | Firm | Year | Rate | Exp. |
|---|---|---|---|---|
| Vivi Besteman, Esq. | WTP | 2022 | $256.00 | 10 yrs. |
| | | 2023 | $280.00 | 11 yrs. |
| Kelly McCauley, Esq. | WTP | 2023 | $408.00 | 10 yrs. |
| Michael Roeschenthaler, Esq. | WTP | 2022 | $560.00 | 21 yrs. |
| | | 2023 | $600.00 | 22 yrs. |
| Paralegal Susan Harding | WTP | 2022 | $264.00 | 19 yrs. |
| Regan M. Iwao, Esq. | SI | 2022-2023 | $390.00 | 22-23 yrs. |
| Paralegal Leutu Wells | SI | 2022-2023 | $150.00 | 22-23 yrs. |

The reasonable hourly rate is determined by assessing the prevailing market rate in

the relevant community for similar work performed by attorneys of comparable

skill, experience, and reputation.  *Roberts v. City of Honolulu*, 938 F.3d 1020,

1024-1025 (9th Cir. 2019) (citing *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir.

2016) & *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir.

2008)); *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002) (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986)).  The relevant community is the forum in which the district court sits, which in this case is the District of Hawaii.  *Camacho*, 523 F.3d at 979.

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." *Roberts*, 938 F.3d at 1024 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (citation omitted).  "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates." *Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (citations omitted).  In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).  *See also Camacho*, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").

In this case, for the WTP attorneys, Plaintiff submitted an affidavit by Mr. Gestrich, its own attorney.  ECF No. 32-1.  The affidavit summarizes the practice areas of each attorney and indicates that Mr. Gestrich, Mr. Roeschenthaler and Ms.

McCauley each have "significant experience" in their areas of practice. *Id.* at PageID.212-213. In considering the reasonable hourly rate of each attorney, the Court considers not just the years of experience of each attorney, but also the skill and experience of each attorney. In this case, the record is void of such information and the Court has only Plaintiff's attorney's declaration to rely upon; Plaintiff did not submit any other evidence in addition to its own statement as required by the Ninth Circuit. *See Jordan*, 815 F.2d at 1263. The Court must use this limited information and to determine the reasonable hourly rate for each WTP attorney.

Plaintiff submitted attorney Regan M. Iwao's ("Mr. Iwao") declaration and the declaration of attorney Joachim P. Cox, a partner of the law firm Cox Fricke LLP, as evidence in support of the hourly rates requested for Mr. Iwao and Leutu Wells ("Ms. Wells"). "District Courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'" *Sam K. ex rel. Diane C.*, 788 F.3d at 1041 (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)). Based on the information evidence submitted and based on its knowledge of the prevailing rates in the legal community for work in similar cases by attorneys of comparable experience, the Court finds the following hourly rates reasonable:

| Timekeeper | Firm | Year | Rate | Exp. |
|---|---|---|---|---|
| Vivi Besteman, Esq. | WTP | 2022 | $250.00 | 10 yrs. |
| | | 2023 | $260.00 | 11 yrs. |
| Kelly McCauley, Esq. | WTP | 2023 | $250.00 | 10 yrs. |
| Michael Roeschenthaler, Esq. | WTP | 2022 | $350.00 | 21 yrs. |
| | | 2023 | $360.00 | 22 yrs. |
| Paralegal Susan Harding | WTP | 2022 | $110.00 | 19 yrs. |
| Regan M. Iwao, Esq. | SI | 2022-2023 | $390.00 | 22-23 yrs. |
| Paralegal Leutu Wells | SI | 2022-2023 | $125.00 | 22-23 yrs. |

To the extent that Plaintiff may disagree with the reduction in hourly rates for the WTP attorneys, additional evidence should have been submitted regarding the skills and reputation of these attorneys.

### 3.  **Hours Reasonably Expended**

Plaintiff has the burden of documenting the hours expended in this case and must submit evidence supporting the hours or work claimed.  *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley*, 461 U.S. at 433).  "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are excessive, redundant, or otherwise unnecessary."  *Welch*, 480 F.3d at 946 (citation and quotation marks omitted).  "The district court may reduce the amount of requested fees to reflect a party's limited degree of success, to account for block billing, or to deduct hours deemed excessive as long as it provides an adequate explanation for its fee calculation."  *Cook Productions, LLC v. Stewart*, Civ. No. 17-00034 ACK-RLP, 2017 WL 4797513 at 6 (D. Haw. Oct. 24, 2017) (citing *Ryan v. Editions Ltd. West,*

*Inc.*, 786 F.3d 754, 763 (9th Cir. 2015)).  The Court notes that it has carefully reviewed the timesheets in the *Motion* and reduces the requested hours for block-billing and clerical work.

### i. Block-Billing

"The district court may reduce the amount of requested fees . . .  to account for block billing . . . as long as it provides an adequate explanation for its fee calculation." *Cook Productions, LLC v. Stewart*, Civ. No. 17-00034 ACK-RLP, 2017 WL 4797513 at 6 (D. Haw. Oct. 24, 2017) (citing *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 765 (9th Cir. 2015)).  Block-billing entries are reduced "because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specific tasks.  *Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1100 (D. Haw. 2010) (citing *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007)).

The Court finds that the following entries are block-billed and suggests a reduction of 10% from each entry.  The Court **RECOMMENDS** the following reductions for block-billing:

| Timekeeper | Firm | Date | Hours Requested | Hours Denied | Hours Granted | Description |
|---|---|---|---|---|---|---|
| Vivi Besteman, Esq. | WTP | 10/06/2022 | 0.6 | 0.1 | 0.5 | Meeting with Attorney Gestrich re draft motion for default judgment as to Defendant Valyou Furniture; research re same |

| | | | | | |
|---|---|---|---|---|---|
| WTP | 10/13/2022 | 1.2 | 0.1 | 1.1 | Edit motion for alternative service and proposed order; draft supporting declaration re same |

### ii. **Clerical or Ministerial Tasks**

"[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." *Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii*, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010) (citation omitted). The following tasks are clerical:

> [R]eviewing Court-generated notices; scheduling dates and deadlines; calendaring dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.

*Hawaii Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc.*, Civ. No. 09-00304 SOM, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), *report and recommendation adopted sub nom. Hawaii Motorsports Inv., Inc. v. Clayton Grp. Servs., NC*, Civ. No. 09-00304, 2010 WL 5395669 (D. Haw. Dec. 22, 2010) (citations omitted). The Court **FINDS** that all timekeeping entries by Ms. Wells are clerical. Accordingly, work performed by Ms. Wells should be **DENIED**.

### 4.  **Total Lodestar Award**

The Court summarizes the lodestar calculation in the following charts.  The Court notes that Plaintiff did not request GET for work performed by WTP. Accordingly, the Court has provided two charts: (1) summary of the lodestar amount for work performed by WTP attorneys; and (2) summary of the lodestar amount for work performed by SI.

| Timekeeper | Firm | Year | Rate | Hours | Total |
|---|---|---|---|---|---|
| Vivi Besteman, Esq. | WTP | 2022 | $250.00 | 16.8 | $4,200.00 |
| | | 2023 | $260.00 | 1.5 | $390.00 |
| Kelly McCauley, Esq. | WTP | 2023 | $250.00 | 7.8 | $1,950.00 |
| Michael Roeschenthaler, Esq. | WTP | 2022 | $350.00 | 0.5 | $175.00 |
| | | 2023 | $360.00 | 0.2 | $72.00 |
| Paralegal Susan Harding | WTP | 2022 | $110.00 | 1.3 | $143.00 |
| | | | | TOTAL: | $6,930.00 |

| Timekeeper | Firm | Year | Rate | Hours | Total |
|---|---|---|---|---|---|
| Regan M. Iwao, Esq. | SI | 2022 - 2023 | $390.00 | 17.9 | $6,981.00 |
| Paralegal Leutu Wells | SI | 2022 - 2023 | $125.00 | 0.0 | $0.00 |
| Subtotal of Fees | | | | | $6,981.00 |
| GET | | | | | $328.94 |
| | | | | TOTAL: | $7,309.94 |

The total lodestar amount for work performed by Plaintiff's attorneys (in addition to the GET for SI only) is $14,239.94 ($6,930.00 + $7,309.94).

### D. **Twenty-Five Percent Limitation on Fees**

Haw. Rev. Stat. § 607-14 limits the amount of attorneys' fees awarded to "twenty-five [25] per cent of the judgment."  The *Judgment* filed on July 12, 2023 awards Plaintiff damages in the amount of $1,251,261.98.  ECF No. 36.  An award

of attorneys' fees in the amount of $14,239.94 is less than 25% of the *Judgment*

and is thus in compliance with the limitation set forth in Haw. Rev. Stat. § 607-14.

### E. <u>Award of Non-Taxable Costs</u>

Plaintiff is the prevailing party in this case and is entitled to its reasonable

costs of litigation.  Plaintiff requests fees in the amount of $167.52 for costs it

claims are non-taxable.  ECF No. 32-2 at PageID.228.  The Court finds that the

costs requested are not reasonable.  "[C]omputer-assisted research charges are

subsumed within a law firm's overhead and therefore the client may not recover

such costs by classifying them as separately billed attorneys' fees." *Ko Olina*

*Dev., LLC v. Centex Homes*, Civ. No. 09-00272 DAE-LEK, 2011 WL 1235548, at

*15 (D. Haw. Mar. 29, 2011) (quoting *DFS Grp. L.P. v. Paiea Properties*, 110

Haw. 217, 225, 131 P.3d 500, 508 (2006).  Thus, Plaintiff's request for Pacer fees

and Westlaw charges should be **DENIED**.    However, Plaintiff requests for $1.14

costs for "postage for mailing documents to postmaster."  ECF No. 32-2 at

PageID.228.  Costs for postage are nontaxable costs and should be **GRANTED** in

the amount of $1.14.

Plaintiff also requests "costs in the amount of $5,041.88 [for costs it

incurred] to publish the summons for Defendants Rappaport and Bisk in the

Honolulu Star-Advertiser."  ECF No. 32 at PageID.208.  Plaintiff claims that it:

> intends to file a Bill of Costs pursuant to LR 54.1 [sic] for taxable costs;
> however, because this expense is relatively significant and to the extent

necessary or appropriate, Plaintiff respectfully requests that the Court
confirm that it is to be awarded its publication costs in the amount of
<u>$5,041.88</u>.

*Id*. at .208-209 (emphasis in original).  Publication costs to serve the summons are

allowed to be taxed pursuant to LR54.1(f)(1).  *See Mueller v. Dep't of Pub. Safety*,

Civ. No. 17-00571 HG-WRP, 2022 WL 1793165, at *2-4 (D. Haw. Apr. 29, 2022),

*report and recommendation adopted*, Civ. No. 17-00571 HG-WRP, 2022 WL

1749115 (D. Haw. May 31, 2022) (citations omitted).  The Court notes that the

deadline to file and serve a bill of costs in this case was "(14) days after entry of

judgment," which in this case occurred on July 12, 2023.  LR54.1(b); ECF No. 36.

The deadline for Plaintiff to file a bill of costs or request publication costs has

expired.  This Court shall not permit Plaintiff to circumvent this deadline by filing

its untimely request for taxable costs in its request for attorneys' fees and costs.

Accordingly, Plaintiff's request for $5,041.88 in publication costs should be

**DENIED**.

## <u>CONCLUSION</u>

Based on the foregoing, the Court **FINDS** that Plaintiff is the prevailing

party and is entitled to its attorneys' fees and costs.  The Court **RECOMMENDS**

that the district Court **GRANT** the *Motion for Attorneys' Fees* and award Plaintiff

$14,239.94 in attorneys' fees and $1.14 in non-taxable costs.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, August 31, 2023.



_____

Rom A. Trader
United States Magistrate Judge

---

Civ. No. 22-00288 JMS-RT;  *PayArc LLC vs. Valyou Furniture LLC, et al.*;
Findings and Recommendation to Grant in Part and Deny in Part Plaintiff PayArc
LLC's Motion for Award of Attorneys' Fees and Nontaxable Expenses